```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JEFFERSON PARISH CONSOLIDATED GARBAGE    * CIVIL ACTION
DISTRICT NO. 1, ET AL.                   *
                                         *
VERSUS                                   * NO. 09-6270
                                         *
WASTE MANAGEMENT OF LOUISIANA, L.L.C., ET AL. * SECTION "B"(4)

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 9), Defendants' joint opposition thereto (Rec. Doc. No. 35), and Plaintiffs' reply (Rec. Doc. No. 55). Each Defendant has also filed a Rule 12(b)(6) Motion to Dismiss, Rule 12(f) Motion to Strike and Rule 12(e) Motion for More Definite Statement (Rec. Doc. Nos. 13, 14, and 16), which are opposed by Plaintiffs (Rec. Doc. No. 37); each Defendant also filed a reply (Rec. Doc. Nos. 57, 58, and 59), and Waste Management filed a supplement to its reply (Rec. Doc. No. 62). Considering the motions, responses, oral argument heard in open court, applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, to Strike, and for a More Definite Statement (Rec. Doc. Nos. 13, 14,

and 16) are **GRANTED IN PART** and **DENIED IN PART**.  Dismissal under Rule 12(b)(6) is **GRANTED** for all claims against Evergreen and Travelers (Rec. Doc. Nos. 14 and 16), and those parties are hereby **DISMISSED WITH PREJUDICE** from this action.  Waste Management's Motion for a More Definite Statement under Rule 12(e) (Rec. Doc. No. 13) is **DENIED** as to the claim regarding excessive tipping fees under the Landfill Contract.  Waste Management's Motion to Strike (Rec. Doc. No. 13) is **GRANTED** as to the claim regarding future termination of the Landfill Contract, and that claim is hereby **STRICKEN** from Plaintiffs' pleadings under Rule 12(f).  Waste Management's Rule 12 motions (Rec. Doc. No. 13) are **DENIED** as to Plaintiffs' allegations regarding final cover under the Landfill Contract and as to Plaintiffs' claims for stipulated damages for breach of the Collection Contract both before and after Hurricane Katrina.

*BACKGROUND*

Plaintiffs filed a Petition for Declaratory Judgment, Liquidated Damages, and Recovery of Overcharges in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana on August 21, 2009.  This Petition seeks a declaratory judgment as to certain provisions of a "Collection Contract" entered into with Defendant Waste Management of Louisiana, L.L.C. ("Waste Management") and Travelers Casualty and Surety Company of America ("Travelers") as surety; the same Petition seeks stipulated

damages as to a "Landfill Contract" entered into with Waste Management and Evergreen National Indemnity Company ("Evergreen") as surety. Defendant Travelers timely removed the action to this Court on the basis of diversity jurisdiction, and all co-defendants consented to this removal. Plaintiffs then timely filed their motion to remand. Defendants subsequently filed their motions to dismiss, to strike, and for more definite statement.

I. *Motion to Remand*

When a party removes an action from state court, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Defendants have met their burden here.

Travelers timely removed this action on the basis of diversity jurisdiction, which is uncontested by Plaintiffs, and Waste Management and Evergreen — Travelers' co-defendants — properly consented to this removal. Plaintiffs' sole argument in its motion for remand is that an alleged forum-selection clause in the Collection Contract makes removal improper.

The Collection Contract states that "any and all claims asserted by or against [Plaintiffs] arising under this contract or related thereto, shall be heard and determined in the Twenty-Fourth Judicial District Court for the Parish of Jefferson . . . which court shall have exclusive jurisdiction and venue over such

claims." A contractual clause such as this can prevent a party from exercising its right to remove when the clause provides a "'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir. 1991); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796 (5th Cir. 2001)). Removal rights are waived when the contract establishes an "exclusive venue." *Id.* Because the language of the Collection Contract clearly contains a clause establishing "exclusive" venue in state court, the clause provides a valid waiver of removal rights as to disputes related to that contract.

The performance bond issued by Travelers, which guarantees the underlying Collection Contract in the event that Waste Management fails to perform, states that "[the Collection Contract] is made a part hereof and incorporated herein by reference, *except that nothing said therein shall alter, enlarge, expand or otherwise modify the term of the bond as set out below.*" (emphasis added). As such, although the Collection Contract is incorporated by reference in Travelers' performance bond, the performance bond operates as a guarantee of the underlying collection contract. The Collection Contract obligated Waste Management to collect trash, but if Waste Management failed to perform, Travelers would not then have the same obligation to collect trash; rather, Travelers would

have the option of performing Waste Management's duties, paying the "amount of the bond penalty," or paying the amount necessary to cure Waste Managements nonperformance. Any waiver of removal rights that Waste Management may have agreed to in the Collection Contract does not attach to Travelers, and Travelers' removal of this action was therefore proper.

Furthermore, Plaintiffs implicitly waived their right to enforce the forum-selection clause barring removal in the Collection Contract when they consolidated their Collection Contract claims with their Landfill Contract claims in the same Petition in state court. The Landfill Contract contains only a waiver of objection to personal jurisdiction and does not clearly or unambiguously waive the removal rights of the parties. *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501 (5th Cir. 2004) is directly on point, as the contract involved in that case contains language substantially similar to the waiver in the Landfill Contract: "The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor." *Id.* at 504. The Fifth Circuit held that remand was improper because the contract language did not clearly and unequivocally waive removal rights; rather, the clause merely reflected the party's consent to personal jurisdiction. *Id.* at

5

504-06. Parties to the Landfill Contract here similarly "submit[ted] to the jurisdiction of the 24th Judicial District Court for the Parish of Jefferson [and] waiv[ed] any and all please [sic] of lack of jurisdiction or improper venue." As such, Plaintiffs and Waste Management merely consented to jurisdiction and waived objections to improper venue in the Twenty-Fourth Judicial District Court for the Parish of Jefferson; the plain language of the Landfill Contract, therefore, reveals no waiver of the parties' removal rights. *See id.* at 504 (explaining that contractual language waiving a party's right to remove must be clear and unequivocal).

Thus, when Plaintiffs filed their claims regarding both the Collection Contract and Landfill Contract in the same Petition, they effectively waived any bar on removal that might have been agreed to in the Collection Contract. Plaintiffs cannot expand the effect of such a bar on removal to the Landfill Contract by filing their claims on both contracts together. Rather, when claims are combined in this manner, the entire case is removable.

This very issue was litigated in *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F. Supp. 2d 1204 (S.D. Iowa 2003). In *Dixon*, the plaintiff filed suit in state court against the defendant for breaches of two separate contracts. *Id.* at 1207-08. The first contract contained a forum-selection clause specifying the state court as the forum, but the second did not contain such

a clause. *Id.* The defendant removed the case, relying on diversity jurisdiction. *Id.* at 1208. The plaintiff moved to remand based on the forum-selection clause in the first contract. *Id.* at 1207-08. The court held that, although the forum-selection clause in the first contract alone could have been a basis for remand, the defendant had a right to remove the action based on the second contract. *Id.* at 1209, 1213. In so holding, the *Dixon* court suggested that it would not have had authority to remand the entire action even if it wished to do so. *See id.* at 1213 (citing *Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir. 1993)); *see also Allstate Ins. Co. v. Longwell,* 735 F. Supp. 1187, 1191 (S.D.N.Y. 1990) ("[W]here there is diversity jurisdiction, which is non-discretionary, the court may not eliminate the case from its docket whether by a remand or a dismissal.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988)). The plaintiff was thus prevented from defeating the defendant's right to remove by combining claims under the first and second contracts in the same lawsuit. The Court reaches the same result in the case at bar.

Furthermore, a federal district court has no authority to grant partial remand of an action properly before the court, except in limited situations. *RK Dixon Co.*, 284 F. Supp. 2d at 1212. The existence of a federal question in an action allows for partial or piecemeal remands only as to pendant state law claims. *See id.; see also Buchner,* 981 F.2d at 819. When jurisdiction is based on

diversity, however, partial remand is not allowed. *RK Dixon Co.*, 284 F. Supp. 2d at 1212 (citing *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.,* 43 F. Supp. 2d 734, 743-44 (E.D. Tex. 1999)). Accordingly, because removal of this action was based on diversity jurisdiction, this Court declines a partial remand. Alternatively, we would assert supplemental jurisdiction over pendant state claims, if any exist in this well-litigated federal action.

In *Dixon*, the plaintiff made the entire action removable by combining into one action claims based on two contracts, only one of which contained a forum-selection clause. The reasons for the result in *Dixon* are: (1) the defendant had a right to remove the action based on the contract that did not have a forum selection clause; (2) in diversity cases, defendants can remove only *actions* — that is, an entire case — and not specific claims; and (3) the court therefore had no authority to grant a partial remand. Like the plaintiff in *Dixon,* Plaintiffs in this case combined into one action claims based on two contracts, only one of which contains a forum-selection clause. Thus, Plaintiffs' combining of claims based on the Collection Contract and the Landfill Contract have made the entire action removable. In other words, Plaintiffs have implicitly waived any right to remand that may have otherwise existed had they brought the Collection Contract claims separately. As such, Plaintiffs' motion to remand is denied.

II. *Motions to Dismiss, to Strike, and for a More Definite Statement*

*A. Standards of Review*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, an allegation may be dismissed from a plaintiff's complaint when it fails to state a claim as a matter of law. A Defendant may attach to a motion to dismiss documents referred to in a plaintiff's complaint and which are integral to the plaintiff's claim, such as contracts, leases, or permits; those documents are to be considered as part of the pleadings when they are referred to and are central to a plaintiff's claims. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). In considering a Rule 12(b)(6) motion to dismiss, courts have found that dismissal pursuant to this provision "'is viewed with disfavor and is rarely granted.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

Until recently, the standard for a motion to dismiss was often phrased in such a way that a district court could not dismiss a complaint under Rule 12(b)(6) "unless it appear[ed] beyond doubt

that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The Supreme Court in *Twombly*, however, recently noted that the phrase "no set of facts" "is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . ." and that the allegations in the complaint must be "plausible" with "enough fact to raise a reasonable expectation that discovery will reveal evidence." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (discussing *Twombly*). The *Twombly* Court went on to note that the standard, in reality, remains the same and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546. The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey*, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969)). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001).

Rule 12(e) provides, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, a party may move for a more definite statement . . . ." Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As such, the Federal Rules of Civil Procedure do not allow for detailed facts to be pled, but the pleadings must be clear enough to allow the opposing party a fair opportunity to respond to the allegations. "The 12(e) motion is disfavored, in that 'in view of the great liberality of Fed. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). A Rule 12(e) motion is not a substitute for discovery and should not be granted when the information sought can be obtained through discovery. *Id.* Rule 12(e) motions will not be granted when the information sought is already within the defendant's knowledge and the defendant seeks merely a particularization of those facts already known to it. *Id.*

Rule 12(f) allows the Court to strike "from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this rule is to streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters. *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they "have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.; see also Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985).

*B. Contractual Obligations of Waste Management*

Plaintiffs allege that Waste Management billed Plaintiffs in excess of the maximum tipping fee allowed by the Landfill Contract. Defendants take issue with the fact that the allegations refer to billing by Waste Management, i.e., amounts charged to Plaintiffs but not necessarily paid, rather than amounts that were rendered as payment to Waste Management. (*See* Pls.' Pet. ¶ 9.) Essentially, Plaintiffs are alleging that Waste Management has breached that provision of the Landfill Contract, and, as such, Plaintiffs have stated a legally cognizable claim. Furthermore, Plaintiffs have noted that their Petition does allege that they are entitled to a refund of "all tipping fees paid . . . in excess . . . ." (Pls.' Pet. ¶ 11.) As such, Waste Management has not been prevented from framing an adequate response due to ambiguous pleadings. To the

extent that the allegations speak only to amounts "billed" rather than amounts already paid, Waste Management may address this issue in its responsive pleadings.  Relief under Rule 12 is therefore unwarranted.

Plaintiffs also seek "a declaratory judgment that in the event the Parish Council decides not to appropriate funds for the fiscal year 2010 for continuation of the Landfill Contract, the Landfill Contract shall be deemed terminated without penalty or expense to the Parish . . . ."  (Pls.' Pet. ¶ 14.)  Because the Parish's budget for 2010 includes funding for the Landfill Contract, Plaintiffs' claim as to early termination of the contract is now moot and shall be stricken from the pleadings.

Plaintiffs also allege that Waste Management is obligated to provide a final covering for the Phase III A Expansion under the Landfill Contract.  Essentially, Plaintiffs have alleged that Waste Management breached this contract and, as such, have stated a cognizable claim in their Petition.  Furthermore, the LDEQ permit containing the requirements for final covering of this area is referred to in Plaintiffs' petition, and Defendants would be able to obtain the text of this permit through discovery, assuming they are not already in possession of a copy.  As such, Waste Management's Rule 12 motions are denied as to this claim.

Plaintiffs also allege a claim to stipulated damages due to

Waste Management's alleged breach of the Collection Contract after Hurricane Katrina. Defendants assert that these claims are facially void because those portions of the contract are penalty provisions and thus contrary to public policy. Although the damages sought by Plaintiffs are in excess of $80 million and could be ruled by the Court to be a penalty, discovery must occur to determine whether that is truly the case. As such, while Waste Management can assert that the stipulated damages are void as a penalty provision that is contrary to public policy, the proper avenue for doing so is via an affirmative defense in its answer. Similarly, although Waste Management argues that it has a subsequent contract with Plaintiffs regarding waste collection after Hurricane Katrina, the proper place to raise this defense is in its responsive pleading rather than in a Rule 12 motion. And, with regard to Plaintiffs' allegations that Defendants breached the Collection Contract prior to Hurricane Katrina, the complaint contains enough information for Waste Management to formulate a response to Plaintiffs' allegation; Plaintiffs have clearly alleged that Waste Management breached the Collection Contract "[i]n the year 2005 prior to Hurricane Katrina" and that they are entitled to stipulated damages as a result. (Pls.' Pet. ¶ 34.)

*C. Contractual Obligations of the Sureties*

Plaintiffs have also sued the two sureties who issued performance bonds on the Landfill and Collection Contracts.

14

However, their complaint fails to state a claim upon which relief can be granted as to these two parties.

Travelers, who issued a performance bond for the Collection Contract, is under no obligation under its performance bond to pay any stipulated or liquidated damages that may be imposed by the Collection Contract. The performance bond guarantees that Travelers pay the amount necessary to cure Waste Management's failure to perform its collection duties, or that it complete Waste Management's failed performance itself, but it does not guarantee payment of any stipulated damages provision in the Collection Contract.

Similarly, Evergreen, who issued a performance bond for the Landfill Contract, is not obligated to pay for any alleged overcharge in tipping fees by Waste Management. Rather, Evergreen's performance bond guarantees only performance of obligations due by Waste Management under the Landfill Contract, such as payment of employees and subcontractors performing landfill work. Under the terms of the performance bond, Evergreen cannot be held liable to Plaintiffs for any alleged overcharge in tipping fees by Waste Management. Evergreen would be liable only for payments that Waste Management failed to make in fulfillment of its performance obligations under the Landfill Contract; Plaintiffs here are attempting to hold Evergreen liable for the reverse situation — i.e., overcharges allegedly billed by Waste Management

— and such a situation is simply not provided for in the performance bond. Accordingly, and for the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, to Strike, and for a More Definite Statement (Rec. Doc. Nos. 13, 14, and 16) are **GRANTED IN PART** and **DENIED IN PART**. Dismissal under Rule 12(b)(6) is **GRANTED** for all claims against Evergreen and Travelers (Rec. Doc. Nos. 14 and 16), and those parties are hereby **DISMISSED WITH PREJUDICE** from this action. Waste Management's Motion for a More Definite Statement under Rule 12(e) (Rec. Doc. No. 13) is **DENIED** as to the claim regarding excessive tipping fees under the Landfill Contract. Waste Management's Motion to Strike (Rec. Doc. No. 13) is **GRANTED** as to the claim regarding future termination of the Landfill Contract, and that claim is hereby **STRICKEN** from Plaintiffs' pleadings under Rule 12(f). Waste Management's Rule 12 motions (Rec. Doc. No. 13) are **DENIED** as to Plaintiffs' allegations regarding final cover under the Landfill Contract and as to Plaintiffs' claims for stipulated damages for

breach of the Collection Contract both before and after Hurricane Katrina.

New Orleans, Louisiana, this 26th day of April, 2010.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE