UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CONSOLIDATED GARBAGE DISTRICT NO. 1 OF THE PARISH OF JEFFERSON AND THE PARISH OF JEFFERSON THROUGH THE JEFFERSON PARISH COUNCIL** | \* \* \* \* \* | **CIVIL ACTION NO. 09-6270** <br><br> **SECTION "B"** |
| **Plaintiffs** | \* \* \* | **JUDGE IVAN L.R. LEMELLE** <br><br> **MAGISTRATE "4"** |
| **VERSUS** | \* \* | **MAG. KAREN WELLS ROBY** |
| **WASTE MANAGEMENT OF LOUISIANA, L.L.C. D/B/A WASTE MANAGEMENT OF N.O., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, AND EVERGREEN NATIONAL INDEMNITY COMPANY** | \* \* \* \* \* \* | |
| **Defendants** | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**WASTE MANAGEMENT'S OPPOSITION TO
RIVER BIRCH'S MOTION TO QUASH SUBPOENA AND
RECORDS DEPOSITION AND REQUEST FOR ATTORNEY'S FEES**

**NOW INTO COURT** comes defendant, Waste Management of Louisiana, L.L.C. d/b/a Waste Management of New Orleans ("Waste Management"), which respectfully submits this opposition to the motion to quash subpoena and records deposition filed by River Birch, Inc. ("River Birch") and request for attorney's fees. On February 16, 2011, Waste Management served a subpoena duces tecum on River Birch requesting documents of the utmost relevance to the litigation between Plaintiffs, Consolidated Garbage District No. 1 of the Parish of Jefferson and the Parish of Jefferson through the Jefferson Parish Council ("Plaintiffs") and Waste

Management. In fact, there are few documents which could be more relevant to this litigation than those Waste Management requested in its subpoena to River Birch. Nevertheless, River Birch has moved to quash Waste Management's subpoena on the incomprehensible basis that the documents requested "are unrelated to the declaratory judgment action in which they were issued." For the reasons set forth below, River Birch's motion to quash must be denied and River Birch must be compelled to produce the documents as requested.

### 1.     Background

For purposes of understanding the importance and extreme relevance of the documents sought by Waste Management in its subpoena duces tecum to River Birch, it is helpful to consider certain factual background as to Plaintiffs' claims against Waste Management.

Waste Management and Plaintiffs are parties to a Landfill Contract pursuant to which Waste Management provides waste disposal services to the Parish by operating the Jefferson Parish Sanitary Landfill (the landfill owned by Jefferson Parish). The Landfill Contract, by its own terms, is designed to terminate when the landfill has reached its full permitted capacity (defined as "final elevation" under the subject permit). However, the Landfill Contract contains an emergency provision called the "annual appropriation dependency clause," which allows for early termination of the contract in the event that the Parish is in a financial crisis and fails to appropriate funding for waste disposal services under the contract.

On August 21, 2009, Plaintiffs filed suit against Waste Management seeking a declaratory judgment that in the event the Parish Council fails to appropriate money for the continuation of the Landfill Contract, the Parish may terminate the contract under the "annual appropriation dependency clause" at that time without penalty or expense. Thereafter, Plaintiffs filed a First Supplemental and Amended Complaint ("Amended Complaint") explaining that the

2

Parish's reason for wanting to terminate the Landfill Contract early pursuant to the annual appropriation dependency clause is that the Parish wishes to effectuate a 25-year contract for similar waste disposal services which the Parish entered into with River Birch, a direct competitor of Waste Management, in June, 2009 prior to the initiation of Plaintiffs' lawsuit against Waste Management. In their Amended Complaint, Plaintiffs have asserted that the Parish would save substantial money by effectuating its contract with River Birch and that saving money is a proper invocation of the annual appropriation dependency clause. Specifically, Plaintiffs' Amended Complaint states:

> The Parish committee which reviewed the response to the Request for Proposals determined that **the proposal by River Birch and Hwy 90, LLC would result in substantial annual savings to the Parish over a twenty-five year period when compared to the cost to continue to operate and maintain the Parish owned landfill to dispose of residential and Parish-generated solid waste**, RACM, sewerage sludge, special waste, construction and demolition debris, and yard and woody waste.

Amended Complaint, ¶ 51. (emphasis added). The Amended Complaint then states:

> The Parish seeks a declaratory judgment that if the Parish council does not appropriate funds for fiscal year 2011 for continuation of the Landfill Contract with Waste Management in order to take advantage of the **substantial annual savings available to the Parish by contracting with River Birch, Inc.** and Hwy 90, LLC to provide disposal services in lieu of continuing to operate the Parish landfill under the contract with Waste Management, then the Landfill Contract between the Parish and Waste Management is terminated effective January 1, 2011 without penalty or expense to the Parish except for tipping fees earned by Waste Management prior to the termination date.

Amended Complaint, ¶ 58. (emphasis added). In light of Plaintiffs' Amended Complaint, it is clear that whether the Parish would save money by contracting with River Birch is an issue which is currently at the heart of this litigation.[1]

---

[1] In its motion for summary judgment, Waste Management has explained that whether the Parish would save money by contracting with River Birch is a question which the Court need not reach because, as a matter of law, simply "saving money" is not a valid basis for invoking the "annual appropriation dependency clause" in the Landfill Contract. However, the Court has not ruled on Waste Management's motion.

3

On December 30, 2010, Waste Management moved for summary judgment in its favor as to Plaintiffs' claim for early termination of the Landfill Contract. Specifically, one of the bases for summary judgment provided by Waste Management was that there exists no genuine issue of material fact supporting the conclusion that the Parish would in fact save money over 25 years by contracting with River Birch. Opposing Waste Management's motion, Plaintiffs cited a report which was at that time in the process of being prepared by Postlethwaite & Netterville, a consultant hired by the Parish, to determine whether the Parish would save money by contracting with River Birch. Plaintiffs also specifically cited a report which was being prepared by a consultant hired by River Birch addressing the same question.

Since the filing of Waste Management's motion for summary judgment and Plaintiffs' opposition, the report of Postlethwaite & Netterville has been released and has concluded that it would in fact cost the Parish many millions of dollars more to contract with River Birch. However, River Birch, through newspaper articles and online articles, has claimed that it obtained a report through its own consultant, Loren C. Scott & Associates, which projects millions of dollars of savings to the Parish by contracting with River Birch. It is this report, and any related or similar reports, which Waste Management seeks by way of its subpoena duces tecum to River Birch.

> **2.     As evidenced by Plaintiffs' Amended Complaint and Plaintiffs' Opposition to Waste Management's Motion for Summary Judgment, the documents sought by Waste Management in its subpoena duces tecum are directly relevant to this litigation.**

River Birch asserts that Waste Management's subpoena duces tecum seeks documents only relevant to a potential defamation lawsuit against it. River Birch cites the fact that the subpoena duces tecum was served a day after Waste Management sent a cease and desist letter to River Birch regarding defamatory statements made by River Birch about Waste Management in

4

various publications. However, for River Birch to assert that Waste Management is only seeking one (or more) of <u>the most important documents in this case</u> for purposes of a defamation suit is beyond the imagination. As explained above, the Amended Complaint itself makes allegations of substantial savings to the Parish by contracting with River Birch. In addition, both Waste Management's motion for summary judgment and Plaintiffs' opposition demonstrate that whether the Parish would save money by contracting with River Birch is currently a central issue to this case. **Therefore, any document related to whether the Parish would save money by contracting with River Birch is not only relevant and subject to discovery under Federal Rule of Civil Procedure 45, but is of the utmost direct relevance to this case.** It is truly a waste of this Court's time and resources for River Birch to assert, via its motion to quash, that the report by Loren C. Scott & Associates and any similar reports are only relevant for purposes of a potential defamation suit by Waste Management.

### 3. Waste Management provided River Birch with adequate and reasonable time to respond to the subpoena duces tecum.

Waste Management served its subpoena deuces tecum on River Birch on February 16, 2011 and asked for a response by February 25. Therefore, River Birch was provided with nine days to respond. At this stage, the report prepared by Loren C. Scott & Associates and specifically referenced in the subpoena and River Birch's motion to quash is the only document which Waste Management knows will be responsive to its subpoena. Certainly, the time provided by Waste Management was more than sufficient for River Birch to provide one document to Waste Management. To the extent that additional documents are responsive to Waste Management's subpoena, River Birch has not explained in its motion to quash why producing such documents during the time provided would be burdensome. River Birch has not mentioned either the nature, location, or volume of any such documents.

**4.      Conclusion**

Waste Management has requested from River Birch documents which literally could not be more central and relevant to this litigation. Although these documents may at some point be relevant to a defamation suit by Waste Management against River Birch, that is not the reason they have been requested. River Birch's assertion to the contrary is far-fetched and a waste of this Court's time. River Birch's motion to quash has not provided any basis why it would be unreasonable for it to produce the report prepared by Loren C. Scott & Associates and any other responsive documents within the time provided by the subpoena and therefore the motion to quash should be dismissed. Furthermore, River Birch should be compelled to pay to Waste Management the reasonable attorney's fees incurred in defending this frivolous motion.

        Respectfully submitted,

        */s/ Patrick A. Talley, Jr.*
        Patrick A. Talley, Jr. (#1616)
        Miles P. Clements (#4184)
        Benjamin M. Castoriano (#31093)
        FRILOT L.L.C.
        1100 Poydras Street, Suite 3700
        New Orleans, LA 70163
        Tel: (504) 599-8000
        Fax: (504) 599-8100
        ptalley@frilot.com; mclements@frilot.com;
        bcastoriano@frilot.com

        **Counsel for Defendant,**
        **Waste Management of Louisiana L.L.C. d/b/a**
        **Waste Management of New Orleans**

**CERTIFICATE OF SERVICE**

     I hereby certify that I have on this 7th day March, 2011, served a copy of the foregoing on all counsel of record by filing same with this Court's e-filing (ECF) system or by placing same in the United States mail, postage prepaid and properly addressed to the following:

| |
|---|
| Michael D. Peytavin<br>Daniel A. Ranson<br>GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.<br>401 Whitney Avenue, Suite 500<br>Gretna, LA 70056 |
| Ian Atkinson<br>SCHONEKAS, EVANS, MCGOEY, & MCEACHIN, L.L.C.<br>650 Poydras Street, Suite 2105<br>New Orleans, LA  70130 |

                                              */s/ Patrick A. Talley, Jr.*