**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEFFERSON PARISH CONSOLIDATED GARBAGE DISTRICT NO. 1, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      09-6270** |
| **WASTE MANAGEMENT OF LOUISIANA, L.L.C., ET AL.** | **SECTION: "B" (4)** |

**ORDER**

Before the Court is a **Motion to Quash Subpoena and Records Deposition (R. Doc. 129)** and a **Second Motion to Quash Subpoena and Records Deposition (R. Doc. 137)**, filed by the Movant and Non-Party, River Birch, Inc. ("River Birch"), seeking an order quashing the subpoenas and notices of records deposition issued by the Defendant, Waste Management of Louisiana ("Waste Management"). River Birch also seeks fees. Waste Management opposes the motion. (R. Docs. 133, 146.).

**I.      Background**

Defendant, Travelers Casualty and Surety Company of America, removed this diversity action to Federal Court on September 14, 2009. (R. Doc. 1.) The instant action arises out of the alleged breach of various contracts pertaining to waste disposal in Jefferson Parish. Plaintiff, Consolidated Garbage, filed this action seeking a declaratory judgment that their Landfill Contract with Jefferson Parish be terminated without penalty or expense.

Relevant to the instant motion is the declaratory judgment sought by the Plaintiffs finding that the contract between Consolidated Garbage and Waste Management may be prematurely terminated under the "annual appropriation dependency clause."  Consolidated Garbage contends that it can prematurely terminate the contract with Waste Management under this provision because a contract with River Birch will cost the Parish less money over a period of time.  The City has contracted with River Birch, but the contract cannot commence until the declaratory action is resolved.

As to the instant motion, River Birch published advertisements in the Time-Picayune which Waste Management contends are defamatory.  As a result, on February 15, 2011, Waste Management sent a cease and desist letter to River Birch demanding that River Birch cease "publishing false and defamatory statements regarding Waste Management." (R. Doc. 137-1, p. 3.) The following date, Waste Management issued a subpoena in the underlying action which requests a report or study prepared by Loren C. Scott & Associates for River Birch which projects that the Parish would save money if it terminated the Waste Management contract in favor of River Birch. On February 18, 2011, Waste Management also served River Birch with a Notice of Records Deposition requesting the same information.

Both the subpoena and the notice demanded compliance by February 25, 2011.  As a result, the parties moved for an expedited hearing on the motion.  This request was denied, however the Court stayed any obligations until final resolution of the instant matter.

On March 4, 2011, Waste Management served another subpoena and notice of records deposition on River Birch which requests substantially the same documents requested in the initial subpoena.  The second notice of deposition and subpoena differs only in that it requests supporting data, electronic data, and meta data relating to the report requested in the first subpoena.  These

documents require compliance by March 14, 2011, however Waste Management agreed to extend this deadline until March 16, 2011.

River Birch contends that the subpoenas and notices of deposition should be quashed because the information sought is irrelevant and sought for an improper purpose, namely for acquiring evidence to support a potential defamation lawsuit. Waste Management opposes the motion.

## II. <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

III.   <u>**Analysis**</u>

River Birch contends that the request of documents is irrelevant to the instant matter. Specifically, River Birch contends that Waste Management intends to utilize the information requested as evidence in a potential defamation lawsuit.  River Birch contends that it is evident that Waste Management seeks the information for purposes of the potential defamation suit because the notice was served one day after River Birch received a cease and desist letter.  River Birch further contends that the report, and the associated documents requested, are irrelevant because the report was conducted after Jefferson Parish made their determination to terminate the contract with Waste Management.

In contrast, Waste Management contends that the Plaintiffs have asserted that they can terminate the contract under the annual appropriations dependency clause because they will save money if they contract with River Birch.  Therefore, the documents sought are among the most important documents in the above captioned case because "any document related to whether the Parish would save money by contracting with River Birch . . . is of the utmost direct relevance to this case."  (R. Doc. 133, p. 5.)

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention.  "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling

4

disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F.Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996); *Cruz v. United States*, No. 3:09-cv-155-J-25TEM, 2010 WL 2612509 (M.D. Fla, June 25, 2010).

"Rule 26 embraces all 'relevant information' a concept which is defined in the following terms: 'Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Victor v. Lawler*, 3:08-CV-01374, 2010 WL 2595945, at * 2 (M.D. Pa. June 24, 2010); *see also United States v. Shaw*, No. 04-2503 RDR, 2005 WL 3418497, at * 1 (D. Kan. 2005)(stating that relevancy is broadly construed to "as a general proposition, a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"(quoting *Sheldon v. Vrmonty*, 203 F.R.D. 679, 689-90 (D. Kan. 2001))).

At the hearing, Waste Management attested that it did not have any plans to assert a defamation lawsuit against River Birch.  Further, River Birch informed the Court that the report at issue was recently provided to the Jefferson Parish Council members.

Upon questioning by the Court, Waste Management conceded that Jefferson did not either consult or rely upon the Loren & Associate's report when it made the determination that the contract could be terminated under the annual appropriation dependency clause.  Instead, Jefferson Parish considered an extrapolation created by Rick Bueller, which was expanded upon by Tom Wilkinson, when it made its determination that a savings would result if the contract with Waste Management were terminated in favor of River Birch.  Upon further questioning by the Court, Waste Management conceded that it did not have any evidence that Jefferson Parish took the report into consideration when it made its determination.

As a result, Waste Management has failed to demonstrate why the information sought is

relevant to the instant matter.  The report requested is merely a report which was sponsored by River Birch in order to support their own marketing campaign that they are the fiscally superior waste removal option for Jefferson Parish.  However, River Birch's campaign is unrelated to the instant matter, because it is undisputed that Jefferson Parish did not consider the information provided in the report when it made its determination that River Birch was the fiscally sound option.  Furthermore, River Birch is not a party to the instant matter.  Therefore, any assertions made by River Birch that their services will cost the Parish less than Waste Management's services are wholly irrelevant to the instant action.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Quash Subpoena and Records Deposition (R. Doc. 129)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the **Second Motion to Quash Subpoena and Records Deposition (R. Doc. 137)** is hereby **GRANTED**.

New Orleans, Louisiana, this 1st day of April, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**