UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERSON PARISH CONSOLIDATED GARBAGE DISTRICT NO. 1, ET AL. | * CIVIL ACTION *  * |
| VERSUS | * NO. 09-6270 * |
| WASTE MANAGEMENT OF LOUISIANA, L.L.C., ET AL. | * SECTION "B"(4) |

ORDER and REASONS

Before the Court is River Birch, Inc.'s ("River Birch"), Motion to Dismiss Second Amended and Supplemental Counterclaim (Rec. Doc. No. 186). Defendant, Waste Management of Louisiana, LLC ("Waste Management") has filed an opposition thereto. (Rec. Doc. No. 191).[1] After reviewing the record and applicable law, for the reasons pronounced below,

**IT IS ORDERED** that River Birch's Rule 12(B)(1) Motion to Dismiss Second Amended and Supplemental Counterclaim (Rec. Doc. No. 186) is **GRANTED**.

Cause of Action and Facts of Case:

---

[1] Consolidated Garbage District No. 1 of the Parish of Jefferson and the Parish of Jefferson through the Jefferson Parish Council ("the Parish") also filed opposition thereto. (Rec. Doc. No. 192).  It adopted the legal arguments presented by Waste Management in its Opposition Memorandum (Rec. Doc. No. 191).

This case arises from an allegedly invalid bidding process for a waste disposal contract.

River Birch bid for and won a waste disposal contract with Jefferson Parish, but the contract was contingent upon the termination of Jefferson Parish's current contract with Defendant Waste Management. (Rec. Doc. No. 186-1 at 2). On August 21, 2009, Jefferson Parish filed a petition for declaratory judgment under the Annual Appropriation Dependency Clause, recognizing that it still owed Waste Management fees for services rendered, but that it should reserve the right to terminate the contract if it failed to appropriate money for the continuation of the contract. (Rec. Doc. No. 1-2 at 2).

Waste Management filed a counterclaim, seeking to declare invalid Jefferson Parish's waste disposal contract with River Birch. (Rec. Doc. No. 186). Waste Management is not a party to Jefferson Parish's contract with River Birch. (Id.). Additionally, according to River Birch, Waste Management did not submit a bid in response to Jefferson Parish's request for proposals, which led to the River Birch contract. (Id. at 186-1 at 3). River Birch contends that Waste Management challenged the River Birch/Jefferson Parish contract because it was allegedly prepared in bad faith and that the Parish entered into the contract without adhering to Parish ordinances. (Id.).

Waste Management contends that Jefferson Parish's First

Supplemental and Amended Complaint (Rec. Doc. No. 76) states that Jefferson Parish wanted to terminate its landfill contract with Waste Management because it wanted to effectuate a 25-year contract for similar, less-expensive waste disposal services with River Birch. (Rec. Doc. No. 191 at 2).

According to Waste Management, the River Birch/Jefferson Parish contract requires that Jefferson Parish sue Waste Management to terminate the existing Waste Management contract. (Id.). Waste Management obtained deposition testimony from Jefferson Parish officials which allegedly revealed the improper process that resulted in River Birch receiving the contract. (Id. at 3).

On March 13, 2011, Jefferson Parish filed a Motion to Join a Necessary and Indispensable Party, asserting River Birch is a necessary party to Waste Management's Amended Counterclaim. (Rec. Doc. No. 144).

Law and Analysis

A. Motion to Dismiss Standard:

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "'To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1940. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).

B. Waste Management's Standing:

It is well established that federal courts may only hear cases and controversies, and a central part of a case or controversy is standing. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989). A person may not generally assert the right of others, as a party must have a "personal stake in the outcome of the controversy . . . ." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) (citations omitted).

Here, Waste Management does not have federal standing. First, given the suspended status of the River Birch/Jefferson Parish contract, Waste Management cannot have standing to invalidate the

contract. Section 36 of the River Birch/Jefferson Parish contract states, in pertinent part:

> If a final judgment is not rendered by December 31, 2009, declaring that upon an event of non-appropriation under the Annual Appropriation Dependency Clause, or in light of contractual breaches by Waste Management, that the Kelvin Landfill Time Contract may be terminated by the Parish with no liability for any claims, costs or expenses of Waste Management, including but not limited to lost future profits or construction costs, and that Waste Management is obligated at its expense to install final cover in accordance with the Time Contract provisions and the LDEQ permit over cells in Phase IIIA and IIB in which Waste Management has placed waste, then the implementation and commencement date of this Time Contract will be postponed until the earlier of the following events:
>
> a) A "final judgment" has been rendered declaring that the Time Contract between the Parish and Waste Management may be terminated under the Annual Appropriation Dependency Clause or in light of contractual breaches by Waste Management, and that in the event of such termination the Parish has no obligation to Waste Management except for payment of disposal fees which have been earned prior to the termination date, and that Waste Management is responsible for installation of final cover, at Waste Management's expense, over Phase IIIA and IIIB cells in which Waste Management has placed solid waste; or
>
> b) The Parish and Waste Management voluntarily terminate the existing Kelvin Landfill Time Contract on terms and conditions acceptable to both parties.

(Rec. Doc. No. 191-1 at 31). Thus, unless the Court issues a judgment terminating the current Waste Management/Jefferson Parish

contract or until Waste Management and Jefferson Parish mutually decide to terminate their contract, River Birch's contract will not activate. (Rec. Doc. No. 76 at 3-4.). The River Birch contract is wholly contingent upon some affirmative action being taken with regard to the Waste Management/Jefferson Parish contract. (Id.). Currently, Waste Management's potential legal right to invalidate has not ripened.[2] Waste Management does not have a concrete "personal stake in the outcome" of the controversy, as of yet. *Phillips Petroleum,* 472 U.S. at 804. Moreover, Waste Management is not a party to the River Birch/Jefferson Parish contract,[3] nor did it bid for the contract at issue.

Second, it is not clear how long the River Birch contract will be of issue. Parish President John Young stated that the Parish's policy is to end the River Birch contract at all costs.[4] Thus, it appears that the River Birch contract issue may become moot.

Accordingly, **IT IS ORDERED** that River Birch's Rule 12(B)(1)

---

[2] While it is worth noting that per *Alliance for Affordable Energy v. Council of City of New Orleans*, 677 So. 2d 424 (La. 1996), Waste Management could have taxpayer standing to challenge unlawful actions by a public body, this is a moot point because there is no concrete controversy as the River Birch/Jefferson Parish contract is in a suspended state.

[3] Although it is possible to be a non-party to a contract and still have a valid legal interest in the controversy, *see e.g.*, *Municipal Employees Ret. Sys. v. Office of Rural Dev.*, 676 So.2d 835, 837 (La. Ct. App. 1996), the immediate case is no such instance.

[4] *See* Paul Rioux, *Jefferson Parish Council Approves Partial Settlement in Waste Management Lawsuit and Vows to End River Birch Contract*, New Orleans Times-Picayune, April 6, 2011, available at http://www.nola.com/politics/index.ssf/2011/04/jefferson_parish_council_appro_2.html.

Motion to Dismiss Second Amended and Supplemental Counterclaim (Rec. Doc. No. 186) is **GRANTED,** without prejudice to timely reconsideration if circumstances warrant same in the near future.

New Orleans, Louisiana, this 13th day of October, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE